IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
(Eastern Division)

| | |
|---|---|
| CHARLES C. JOHNSON, et. al | : |
| | : |
| Plaintiffs, | : Case No. 14:15-cv-01137 |
| | : |
| v. | : |
| | : |
| GAWKER MEDIA, LLC, et. al, | : |
| | : |
| Defendants. | : |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Defendants Gawker Media, LLC, J.K. Trotter, and Greg Howard (collectively, "Defendants"), move pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs Charles C. Johnson and Got News, LLC's complaint on the grounds that:

(1)     This Court lacks personal jurisdiction over Defendants because this case has no relevant connection to Missouri.  To establish specific jurisdiction, a plaintiff must demonstrate that both (1) "a defendant's conduct was covered by the [Missouri] long-arm statute" and (2) "the exercise of jurisdiction comports with due process requirements." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012) (citation omitted).  Plaintiffs can show neither.  Furthermore there is no general jurisdiction over any defendant.  Accordingly, the case should be dismissed, or transferred to either the Southern District of New York, or the Eastern District of California pursuant to 28 U.S.C.A. § 1404(a).

(2)     In the alternative, Plaintiffs' defamation, injurious falsehood, and false light claims should be dismissed on the merits for the following reasons:

- Plaintiffs are public figures who have failed to plead facts that could support a finding of actual malice against Defendants.

- The statements critiquing the accuracy of Plaintiffs' reporting are constitutionally protected opinions that are supportable interpretations of Plaintiffs' work based on disclosed source material.

- The statements relating to rumors about Johnson are not reasonably capable of a defamatory meaning, and are protected by the First Amendment.

- The statements made by third-party readers to Gawker's websites are barred by Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230.

- The causes of action for false light invasion of privacy and injurious falsehood are subject to the same standards as, and therefore fail for the same reasons as, the defamation claims.

WHEREFORE, Defendants move that this Court dismiss this action with prejudice at Plaintiffs' cost and expense, and for such other and further relief as this Court deems appropriate, including an award of its attorneys' fees.

Dated:  August 24, 2015	Respectfully submitted,

          **LEWIS, RICE & FINGERSH, L.C.**

          By:     /s/ Joseph E. Martineau
              Joseph E. Martineau, #32397
              600 Washington, Suite 2500
              St. Louis, Missouri  63101
              jmartineau@lewisrice.com
              314/444-7729
              314/612-7729 (facsimile)

              Nathan Siegel*
              LEVINE SULLIVAN KOCH & SCHULZ, LLP
              1899 L St., NW, Suite 200
              Washington, DC 20036
              Tel:  (202) 508-1100
              Fax:  (202) 861-9888
              nsiegel@lskslaw.com
              *pro hac vice*

          *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 24th day of August, 2015, a true copy hereof was served with the Clerk of the Court using the CM/ECF system on the following:

Jonathon Christian Burns
THE BURNS LAW FIRM, LLC
1717 Park Avenue
St. Louis, MO 63104
john@burns-firm.com

*Attorneys for Plaintiffs*

By:  /s/ Joseph E. Martineau