IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
(Eastern Division)

| | |
|---|---|
| CHARLES C. JOHNSON, et. al | : |
| | : |
| Plaintiffs, | : Case No. 14:15-cv-01137 |
| v. | : |
| | : |
| GAWKER MEDIA, LLC, et. al, | : |
| | : |
| Defendants. | : |

**DEFENDANTS' SPECIAL MOTION TO STRIKE THE COMPLAINT PURSUANT TO THE CALIFORNIA ANTI-SLAPP LAW**

Defendants Gawker Media, LLC, J.K. Trotter, and Greg Howard (collectively, "Defendants"), move pursuant to the California's anti-SLAPP statute, Cal. Civ. Proc. Code ("C.C.P.") § 425.16, to strike Plaintiffs Charles C. Johnson and Got News, LLC's complaint on the grounds that:

(1)     California law governs this action because California is the state with the "most significant relationship to the occurrence and the parties." *Thompson v. Crawford*, 833 S.W. 2d 868, 870 (Mo. 1992); *see also Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618 (8th Cir. 2004). Accordingly, the California anti-SLAPP statute should apply to this case.

(2)     The California anti-SLAPP statute provides a mechanism "to dismiss meritless lawsuits designed to chill the defendant's free speech rights at the earliest stage of the case," *Kunysz v. Sandler*, 146 Cal. App. 4th 1540, 1543 (2007).  If an anti-SLAPP motion is successful, the case is dismissed with prejudice and the defendants awarded their attorneys' fees and costs. *See* C.C.P. § 425.16(c)(1).

(3)     Defendants plainly meet the statutory requirements of the California anti-SLAPP statute because the articles at issue are "written or oral statement or writing[s] made in a place open to the public or a public forum in connection with an issue of public interest."  C.C.P. § 425.16(e)(3).

(4)     Since Defendants' articles qualify for the anti-SLAPP statute's protection, the burden shifts to Plaintiffs to establish a probability that they will prevail on the merits.  C.C.P. § 425.16(b)(1).  Plaintiffs are unable to meet this burden because:  Plaintiffs are public figures who have failed to plead facts that could support a finding of actual malice against Defendants; the statements critiquing the accuracy of Plaintiffs' reporting are constitutionally protected opinions; the statements relating to rumors about Johnson are not reasonably capable of a defamatory meaning, and are protected by the First Amendment; the statements made by third-party readers to Gawker's websites are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230; and the causes of action for false light invasion of privacy and injurious falsehood are subject to the same standards as, and therefore fail for the same reasons as, the defamation claims.

(5)     Because Plaintiffs cannot satisfy their burden, the Court must dismiss the complaint.  C.C.P. § 425.16(b)(1).

WHEREFORE, Defendants move that this Court dismiss this action with prejudice at Plaintiffs' cost and expense, and for such other and further relief as this Court deems appropriate, including an award of its attorneys' fees.

Dated:  August 24, 2015	Respectfully submitted,

        **LEWIS, RICE & FINGERSH, L.C.**

By:	/s/ Joseph E. Martineau
    Joseph E. Martineau, #32397
    600 Washington, Suite 2500
    St. Louis, Missouri  63101
    jmartineau@lewisrice.com
    314/444-7729
    314/612-7729 (facsimile)

    Nathan Siegel*
    LEVINE SULLIVAN KOCH & SCHULZ, LLP
    1899 L St., NW, Suite 200
    Washington, DC 20036
    Tel:  (202) 508-1100
    Fax:  (202) 861-9888
    nsiegel@lskslaw.com
    *pro hac vice*

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 24th day of August, 2015, a true copy hereof was served with the Clerk of the Court using the CM/ECF system on the following:

Jonathon Christian Burns
THE BURNS LAW FIRM, LLC
1717 Park Avenue
St. Louis, MO 63104
john@burns-firm.com

*Attorneys for Plaintiffs*

                                              By:   /s/ Joseph E. Martineau