IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(Eastern Division)

| | |
|---|---|
| CHARLES JOHNSON and GOT NEWS, LLC :<br><br>Plaintiffs, :<br><br>v. :<br><br>GAWKER MEDIA, LLC, J.K. TROTTER, and GREG HOWARD :<br><br>Defendants. : | Case No. 14:15-cv-001137 |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs Charles Johnson and GotNews, LLC, through their undersigned counsel, move for leave to amend their complaint within twenty-one (21) days of this filing. As grounds therefore, plaintiff provides as follows:

**Argument**

Rule 15(a) provides that leave to amend shall be freely given when justice requires. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). The United States Supreme Court has declared that, "this mandate is to be heeded." *Id.*

The law is well-settled that leave to amend a pleading should be denied only where there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility of amendment. *Id.* The grant or denial of leave to

amend is committed to the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 330, 28 L. Ed. 2d 77, 91 S. Ct. 795 (1971).

        1.      <u>Plaintiffs are entitled to amend their complaint because there has not been undue delay.</u>

Plaintiffs have not unduly delayed in bringing this motion to amend. The 7th Circuit Court of Appeals has held that "**delay** alone is **not** a sufficient basis for refusing an amendment. *Feldman v. Allegheny International, Inc.,* 850 F.2d 1217, 1225, 1988 U.S. App. LEXIS 8451, 25 (7th Cir. Ill. 1988). Plaintiffs' proposed amendment would merely clarify the claims upon which they rely without significantly expanding or altering the scope of this action.

Even should Defendants claim there was undue delay in Plaintiff's attempt to amend his complaint, any alleged delay has been very slight, particularly since this case is still at an early state in litigation. Thus, there is no risk of unduly increasing discovery or delaying trial.

        2.      <u>Plaintiffs are entitled to amend their complaint because Defendants will not be prejudiced.</u>

Defendants will not be prejudiced by Plaintiffs' proposed amended complaint. The purpose of notice pleading is to make defendants aware of the facts. Both the clarification of Plaintiff's V.A.M.S. §213.065 claims and the clarification of Plaintiff's V.A.M.S. §213.070 claims "ar[i]se out of the same set of operative facts" as the claims in his original complaint, since Plaintiffs have already brought these very same claims based on the same set of facts. Defendants have had notice of the facts and allegations Plaintiffs have made. The proposed amendments seek to clarify Plaintiffs' claims and cure the potential inadequacy of Plaintiffs' complaint in light of Defendants' Motion to Dismiss, as well as adding and clarifying additional defamatory statements made by Defendants. Namely, Plaintiffs will add all statements contained in Exhibit 99 of their Response, excluding those already alleged in the Petition. Further,

Plaintiffs will add an additional claim for civil conspiracy to deny Plaintiffs their rights under the 14th Amendment. However, the new claim arises out of the same set of operative facts, involves the same Defendants, and the factual basis for the claim is virtually the same as Plaintiffs' other claims. Therefore, defendants will not have to engage in significant new preparation in responding to Plaintiff's amended complaint.

      3.      <u>Plaintiffs are entitled to amend their complaint because the proposed amendments would not be futile.</u>

Plaintiffs' proposed amendments are not futile. In order to survive a motion to dismiss, a complaint must have facial plausibility allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The court must construe the complaint in favor of the plaintiff and grant plaintiff the benefit of all inferences derived from the facts. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).

On its face, Plaintiffs' complaint alleges defamation. Plaintiffs have alleged facts sufficient to meet the elements of each of these causes of action. Their proposed amendment would add clarity as to the specific statements, and would clarify that as to facts about Plaintiffs' journalism, Plaintiffs can demonstrate "actual malice" on behalf of Defendants. Plaintiffs

Plaintiff's response to Defendants' Motion to Dismiss, filed this same day, clearly explains why Plaintiff's original defamation and injurious falsehood claims should survive Defendants' Motion to Dismiss and clarifies Plaintiff's allegations. It cures factual deficiencies and helps to ensure the facial plausibility of Plaintiff's allegations, and also notes the legal basis for a civil conspiracy claim. The amendments Plaintiff seeks to make to his complaint are thus not futile and should be permitted.

<b>Conclusion</b>

3

    For the foregoing reasons, Plaintiffs request that the Court grant them leave to file the attached Amended Complaint within 21 days.

    WHEREFORE, Plaintiffs move the Court to grant the above-proposed Motion for Leave to File First Amended Complaint.

    **Respectfully submitted,**

    **THE BURNS LAW FIRM, LLC**

    _/s/ John C. Burns_
John C. Burns #66462MO
1717 Park Avenue
St. Louis, MO 63104
Phone: (314) 339-8388
Fax:    (314) 932-2171
john@burns-law-firm.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was served, via the Court's electronic notification system, on October 16, 2015, upon all parties of record.

    /s/ John C. Burns