IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(Eastern Division)

| | |
|---|---|
| CHARLES JOHNSON and GOT NEWS, LLC : : : Plaintiffs, : : v. : : GAWKER MEDIA, LLC, J.K. TROTTER, and GREG HOWARD : : : Defendants. : | Case No. 14:15-cv-001137 |

**PLAINTIFF'S ALTERNATIVE MOTION TO STAY PROCEEDINGS REGARDING DEFENDANTS' MOTION TO STRIKE OR DISMISS PURSUANT TO CALIFORNIA'S ANTI-SLAPP LAW**

**I.    PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Plaintiffs respectfully move for the entry of the attached proposed Order for a limited stay of the Court's determination on Defendants' California Anti-SLAPP Motion to Dismiss pending discovery. Plaintiffs' counsel have found case law which suggests that, by the rules enabling act, the Federal Rules for Civil Procedure are the controlling rules for Federal Court matters. This case law suggests that California's Anti-SLAPP statute, being of a procedural nature, is precluded by Federal Law. *See* page 97 of this Brief. California's anti-SLAPP statute mandates a stay of all discovery pending the court's resolution of a motion to strike. Cal. Civ. Proc. Code § 425.16(g). However, the court in *Metabolife International, Inc. v. Wornick,* held "the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56," and refused to apply the statute's discovery provisions in federal court. *Metabolife International, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001). Therefore, any determination regarding

Defendants' Motion to Dismiss under California's Anti-SLAPP law should be stayed pending discovery required by Rule 56.

### Points and Authorities

Courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1. The Plaintiffs believe that a stay will help secure the just and efficient resolution of this proceeding.

### Conclusion

For the foregoing reasons, Plaintiffs request that the Court grant their Motion to Stay Proceedings.

WHEREFORE, Plaintiffs move the Court to approve the above-proposed Motion to Stay Proceedings.

**Respectfully submitted,**

**THE BURNS LAW FIRM, LLC**

  /s/ John C. Burns
John C. Burns #66462MO
1717 Park Avenue
St. Louis, MO 63104
Phone: (314) 339-8388
Fax:    (314) 932-2171
john@burns-law-firm.com
*Attorney for Plaintiffs*

2

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was served, via the Court's electronic notification system, on October 16, 2015, upon all parties of record.

                                                /s/ John C. Burns

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(Eastern Division)

| | | |
|---|---|---|
| CHARLES JOHNSON and<br>GOT NEWS, LLC | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 14:15-cv-001137 |
| v. | : | |
| | : | |
| GAWKER MEDIA, LLC, J.K. TROTTER,<br>and GREG HOWARD | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING JOINT MOTION TO SET BRIEFING SCHEDULE**

UPON CONSIDERATION of Plaintiffs' Motion to Stay Proceedings and for good cause shown, it is hereby ORDERED that the Motion is GRANTED.

It is further ORDERED that litigation deadlines regarding Defendants' Motion to Dismiss Pursuant to California's Anti-SLAPP Law are STAYED pending this Court's determination as to whether California's Anti-SLAPP law is precluded by the Federal Rules of Civil Procedure.

Date:_____

SO ORDERED:

_____
Hon. Charles A. Shaw
United States District Judge

4