# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES C. JOHNSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:15-CV-1137 CAS |
| ) | |
| GAWKER MEDIA, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on review of the file. On October 16, 2015, plaintiffs filed a 111-page document titled "Memorandum of Law in Opposition To: I. Motion to Transfer Venue, II. Motion to Dismiss, III. California Anti-SLAPP Motion to Strike/Dismiss … And in Support of Plaintiffs' Arguments in the Alternative, Including: Motion for Leave to File Plaintiffs' First Amended Complaint, and Motion to Stay Defendants' California Anti-SLAPP Motion to Dismiss Pending Discovery, Motion for Leave to File Response in Excess Of Page Limit." (Doc. 37)

Separately, plaintiffs filed a motion for leave to file a first amended complaint (Doc. 38); a motion for leave to file a response in excess of page limit, which seeks 45 pages of briefing and "an extensive review of the facts that should be considered as a submission of stipulated facts for the purposes of motion page limits" (Doc. 39 at 1); an alternative motion to stay proceedings regarding defendants' motion to strike or dismiss pursuant to California's Anti-SLAPP law (Doc. 40); a declaration signed by plaintiffs' counsel, and 103 exhibits consisting of almost 800 pages (Docs. 41-43).

### a  Motion for Leave to File in Excess of Page Limitation

As a threshold procedural matter, when leave to file a document is required, the document for which leave is sought must be submitted as an attachment to the motion for leave, and not filed as a separate document.  See Administrative Procedures for Case Management/Electronic Case Filing, Sec. II.B.  Plaintiffs did not follow the proper procedure and filed their overlength memorandum without first obtaining leave of Court.

Plaintiffs' motion for leave to file in excess of the page limitation will be denied.  Plaintiffs must file separate responses to defendants' Motion to Dismiss Case (Doc. 14) and Special Motion to Strike (Doc. 20), and must submit separate memoranda in support of their own motions.  In addition, plaintiffs' seventy-page narrative discussion of facts appears to be excessive and inappropriate in response to the motions filed by defendants, which remained within the Court's page limitations.  If plaintiffs believe it necessary to submit a statement of facts, keeping in mind the Court generally cannot consider matters outside the pleadings on a motion to dismiss, see, e.g., Sorace v. United States, 788 F.3d 758, 767 (8th Cir. 2015), such a statement must be filed as a separate document and comply with Local Rule 4.01(E), which requires a "separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations."  E.D. Mo. L.R. 4.01(E).  Plaintiffs attempt to invoke this rule in their motion for leave to file in excess of the page limitation, but failed to comply with it.  If plaintiffs refile a statement of facts, they must also indicate which of their opposition memoranda or motions the statement of facts is intended to support.

The Court will order plaintiffs' overlength response stricken from the record, and will permit plaintiffs to file separate 20-page memoranda in opposition to defendants' Motion to Dismiss Case and Special Motion to Strike.

b. <u>Motion for Leave to File Amended Complaint</u>

Plaintiffs' motion for leave to file an amended complaint will be denied without prejudice because it was not accompanied by a proposed amended complaint. The Eighth Circuit "has held that even though motions to amend are to be given freely under Rule 15, '[t]he particularity requirement of Rule 7(b) is met by submitting a proposed amendment with the motion for leave to amend the complaint.' <u>Wolgin v. Simon</u>, 722 F.2d 389, 394 (8th Cir. 1983); <u>see also</u> <u>Clayton v. White Hall Sch. Dist.</u>, 778 F.2d 457, 460 (8th Cir. 1985) ('It is clear, however, that in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.')." <u>Geier v. Missouri Ethics Comm'n</u>, 715 F.3d 674, 678 n.4 (8th Cir. 2013).

c. <u>Motion to Stay Proceedings Regarding Defendants' Motion to Strike or Dismiss Pursuant to California's Anti-SLAPP Law</u>

Plaintiffs may refile this motion accompanied by a memorandum in support as required by Local Rule 4.01(A), which requires that the "moving party shall file with *each* motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." E.D. Mo. L.R. 4.01(A) (emphasis added).

d. <u>Plaintiffs' Exhibits</u>

As stated above, plaintiffs filed 103 exhibits. These appear to be exhibits to the Declaration of plaintiffs' counsel, Jonathon Burns, which was filed at the end of all the exhibits, but the Court notes the Burns Declaration refers only to 99 exhibits. The exhibits were primarily filed in groups, and none of the exhibits include a description. This mode of filing fails to comply with Section II.F. of the Court's Administrative Procedures for Case Management/Case Filing, which requires that "[e]ach exhibit is to be filed as a *separate* .pdf attachment.  Each such attachment should be

identified by a name that includes both the exhibit designation and a *brief description of the exhibit*[.]" (Emphasis added).[1]

Plaintiffs' exhibits and the Burns Declaration will be stricken from the record for filing error. Plaintiffs may refile the Burns Declaration as a document in the case, with the 103 exhibits as separate .pdf attachments thereto, each bearing both an exhibit designation and a brief description of the exhibit.[2]

f. Courtesy Copies

The undersigned requires parties to provide courtesy copies of briefing and exhibits for dispositive motions.[3] Plaintiffs shall provide the Court with a paper courtesy copy of all materials they submit in opposition to defendants' Motion to Dismiss and Special Motion to Strike, any statement of facts, and all exhibits. Each exhibit must be individually identified, tabbed and stapled or attached with a binder clip, as appropriate, in order to avoid confusion and disarray and to permit accurate reference to plaintiffs' exhibits. The Court does not require that exhibits be placed in binders.

g. Future Filings

The Court expects plaintiffs' future filings in this case to conform to the Local Rules, the Court's Administrative Procedures for Case Management/Electronic Case Filing, and the undersigned's Judge's Requirements. Counsel should therefore review each of these resources.

---

[1]Section II.F. also provides technical guidance concerning the filing of any .pdf file in excess of 7 megabytes.

[2]See, e.g., Document 21 for an example of the correct filing format. Mr. Burns may wish to modify his Declaration to address all 103 of the exhibits.

[3]See Judge's Requirements, http://www.moed.uscourts.gov/sites/default/files/cas.pdf.

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file an amended complaint is **DENIED without prejudice** for failure to submit a proposed amended complaint.  [Doc. 38]

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file in excess of page limitation is **DENIED**.  [Doc. 39]

**IT IS FURTHER ORDERED** that plaintiffs' "Memorandum of Law in Opposition To: I. Motion to Transfer Venue, II. Motion to Dismiss, III. California Anti-SLAPP Motion to Strike/Dismiss … And in Support of Plaintiffs' Arguments in the Alternative, Including: Motion for Leave to File Plaintiffs' First Amended Complaint, and Motion to Stay Defendants' California Anti-SLAPP Motion to Dismiss Pending Discovery, Motion for Leave to File Response in Excess Of Page Limit" is **STRICKEN** from the record for filing error, and the Clerk of the Court shall delete it from the record.  [Doc. 37]

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to file separate twenty (20) page memoranda in opposition to defendants' Motion to Dismiss Case (Doc. 14) and Special Motion to Strike the Complaint Pursuant to the California Anti-SLAPP Law (Doc. 20).  Plaintiffs' opposition memoranda shall be filed by **October 22, 2015**.

**IT IS FURTHER ORDERED** that any statement of facts filed by plaintiffs shall be filed as a separate document and shall conform to the requirements of Local Rule 4.01(E) by including a separately numbered paragraph for each fact, indicating whether each fact is established by the record and, if so, providing an the appropriate citation.  Plaintiffs shall specifically indicate which of their opposition memoranda or motions the statement of facts is intended to support.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Stay is **DENIED without prejudice** for failure to file a memorandum in support thereof as required by Local Rule 4.01(A); plaintiffs may refile this motion with a memorandum in support.  [Doc. 40]

**IT IS FURTHER ORDERED** that plaintiffs' 103 exhibits and the Declaration of Jonathon Burns are **STRICKEN** from the record for filing error, and the Clerk of the Court shall delete them from the record.  [Docs. 41-43]

                                                                                       /s/ Charles A. Shaw
                                                                           **CHARLES A. SHAW**
                                                                    **UNITED STATES DISTRICT JUDGE**

Dated this   19th   day of October, 2015.