IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(Eastern Division)

| | |
|---|---|
| CHARLES JOHNSON and GOT NEWS, LLC | : : : |
| Plaintiffs, | : : |
| v. | : Case No. 15-cv-001137 : : |
| GAWKER MEDIA, LLC, J.K. TROTTER, and GREG HOWARD | : : : |
| Defendants. | : : |

**PLAINTIFF'S ALTERNATIVE MOTION TO STAY THE COURT'S DETERMINATION ON DEFENDANTS' MOTION TO STRIKE OR DISMISS PURSUANT TO CALIFORNIA'S ANTI-SLAPP LAW**

**I.       PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Plaintiffs respectfully move for the entry of the attached proposed Order for a limited stay of the Court's determination on Defendants' California Anti-SLAPP Motion to Dismiss pending discovery. Plaintiffs' counsel have found case law which suggests that, by the Rules Enabling Act, the Federal Rules for Civil Procedure are the controlling rules for Federal Court matters. This case law suggests that California's Anti-SLAPP statute, being of a procedural nature, is precluded by Federal Law. *See* pp. 3-4 of Plaintiffs' accompanying Memorandum in Support. California's anti-SLAPP statute mandates a stay of all discovery pending the court's resolution of a motion to strike. Cal. Civ. Proc. Code § 425.16(g). However, the court in *Metabolife International, Inc. v. Wornick,* held "the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56," and refused to apply the statute's discovery provisions in federal court. *Metabolife International, Inc. v. Wornick,* 264 F.3d 832 (9th Cir. 2001). Therefore, any determination regarding Defendants' Motion to Dismiss under California's

Anti-SLAPP law should be stayed pending discovery required by Rule 56. Plaintiff hereby incorporates by reference as if fully stated herein, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Stay Proceedings Regarding Defendants' Motion to Strike or Dismiss Pursuant to California's Anti-SLAPP Law Pending Discovery.

## Points and Authorities

Courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1. The Plaintiffs believe that the above-referenced stay will help secure the just and efficient resolution of this proceeding.

## Conclusion

For the foregoing reasons, Plaintiffs request that the Court grant their Motion to Stay.

WHEREFORE, Plaintiffs move the Court to approve the above-proposed Motion to Stay.

**Respectfully submitted,**

**THE BURNS LAW FIRM, LLC**

  /s/ John C. Burns
John C. Burns #66462MO
1717 Park Avenue
St. Louis, MO 63104
Phone: (314) 339-8388
Fax:    (314) 932-2171
john@burns-law-firm.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing was served, via the Court's electronic notification system, on December 18, 2015, upon all parties of record.

                   /s/ John C. Burns