IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(Eastern Division)

| | |
|---|---|
| CHARLES JOHNSON and GOT NEWS, LLC | : : : |
| Plaintiffs, | : : |
| v. | Case No. 15-cv-001137 : : |
| GAWKER MEDIA, LLC, J.K. TROTTER, and GREG HOWARD | : : : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO STAY THE COURT'S DETERMINATION ON DEFENDANTS' MOTION
TO STRIKE OR DISMISS PURSUANT TO CALIFORNIA'S ANTI-SLAPP LAW
PENDING DISCOVERY**

## INTRODUCTION

Defendants have made two motions; a motion to dismiss under rules 12 (b) (6) and12 (b) (2), and a special motion to strike under California Anti-SLAPP law. Additionally, Defendants also improperly filed a motion to transfer venue under 1404 (a). [1] Assuming, arguendo, California Law should apply, decisions on all motions should be stayed to grant Plaintiffs proper time to conduct discovery.

## ARGUMENT

**I.    RULE 56 OF THE FEDERAL RULE OF CIVIL PROCEDURE SUPERSEDES THE CALIFORNIA ANTI-SLAPP LAW AND REQUIRES THAT PLAINTIFFS BE ALLOWED TO CONDUCT DISCOVERY PRIOR TO THE COURT'S RULING ON DEFENDANTS' MOTION TO STRIKE.**

---

[1] Defendants improperly filed the original motion. Local Rule 7-4.01 (A) states that each motion should be made separately and should be accompanied by its own memorandum in support. E.D. Mo. L.R. 7-4.01 (D). The Supreme Court of the United States has recognized that a motion for transfer of venue under 1404 (a) is its own separate motion. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). However, Defendants merely offered transfer of venue as an alternative remedy in their motion to dismiss and did not properly file a separate motion under 1404 (a).

Defendants have argued that California law should apply in this case and that Plaintiffs' complaint should be stricken pursuant to California Civil Procedure Code §425.16 also known as Anti-SLAPP provisions. The California Anti-SLAPP law allows a defendant to file a Motion to Strike or Dismiss the plaintiff's complaint. Subsection 425.16(g) of the Anti-SLAPP law provides that the filing of an anti-SLAPP motion automatically stays all further discovery until the court rules on the motion. In this way, an anti-SLAPP Motion to Strike *acts fundamentally in the same manner as a Motion for Summary Judgment*, with the critical difference being that a Motion to Strike under the California Anti-SLAPP law must be ruled on prior to discovery. Thus, even if a plaintiff has satisfied pleading requirements sufficiently to survive a Motion to Dismiss under FRCP 12(b)6, a plaintiff could still have their case dismissed prior to discovery, in direct violation of FRCP 56. Defendants are using their Motion to Strike under the California Anti-SLAPP as a means to deny Plaintiffs the opportunity discover critical facts to support their case.

According to binding case law, Defendants cannot be allowed to do this. Federal Courts in California have found that provisions in California Anti-SLAPP law are in "**direct collision**" with Rule 56 of the Federal Rules of Civil Procedure. *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (emphasis added).

In *Metabolife,* a local television news station ran a story which contained allegedly false and defamatory statements about the herbal supplement, *Metabolife*. *Id*. *Metabolife* sued for defamation in United States District Court for the Southern District of California. *Id. Wornick*, a news reporter, filed a Motion to Strike pursuant to the California Anti-SLAPP law. *Id*. On appeal, the 9th Circuit Court of Appeals decided that under the circumstances, the plaintiff **must** be granted an opportunity to conduct discovery and present such information which is essential

to their case before a California Anti-SLAPP motion can be decided. *Id* (emphasis added). In reference to the California Anti-SLAPP provisions, the Court in *Metabolife* stated, "if this expedited procedure were used in federal court to test the plaintiff's evidence before the plaintiff has completed discovery, it would collide with Federal Rule of Civil Procedure 56." *Id.*

Defendants' motions are in "**direct collision**" with Rule 56 of the Federal Rules of Civil Procedure and Plaintiffs must be granted ample time to conduct discovery before such a motion may be decided. *Id*. Another case from the California Central District Court stated the issue plainly:

> "For example, California courts have denied discovery under § 425.16 because the defendant failed to specify what additional facts he expects to uncover . . . **Federal courts, however**, have allowed parties with no clear idea of what specific facts they hope to obtain to overcome a summary-judgment motion, at least temporarily. These contradictory outcomes stem directly from the differences between § 425.16 and Rule 56(f): Section 425.16 limits discovery and makes further discovery an exception, rather than the rule. Rule 56 does not limit discovery. On the contrary, it ensures that adequate discovery will occur before summary judgment is considered. Because the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56, **these aspects of subsections (f) and (g) cannot apply in federal court**.

*Rogers v. Home Shopping Network, Inc.,* 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999) (internal citations omitted, emphasis added).

In *Metabolife*, the 9th Circuit found that provisions (g) and (f) of California Civil Procedure Code §425.16 are in "**direct collision**" with Rule 56 of Federal Civil Procedure. *Id*. Specifically, the court flatly rejected the Statute's foreclosure of discovery and likened the law to a Rule 56 motion for summary judgment due to reliance on material facts. *Id*. The court recognized that the Statute's prevention of discovery before deciding a dismissal based on factual claims impermissibly contravened Rule 56, which requires courts to grant Plaintiffs ample time for discovery before dismissing a case on the materiality of facts.

3

It is firmly established that Rule 56 of the Federal Rules of Civil Procedure requires courts to grant the non-moving party ample opportunity to conduct discovery before granting a motion for summary judgment. In *Anderson v. Liberty Lobby Inc.*, the Supreme Court explicitly held that the Federal Rules required "summary judgment" to be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In *Metabolife*, the Court compared a motion to strike under California Anti-SLAPP to a rule 56 motion for summary judgment and found that plaintiffs must be granted and opportunity to conduct discovery in conformity with the Federal Rules. 264 F.3d at 846. Other California Federal Courts have also applied this reasoning and rejected California Anti-SLAPP motions to strike when Plaintiff's did not have the opportunity to conduct discovery. *Shuey v. County of Ventura*, 2015 U.S. Dist. LEXIS 148988 (C.D. Cal. Nov. 3, 2015); *Roberts v. McAfee, Inc*., 660 F.3d 1156, 1169 (9th Cal. 2011)

Given that Defendants are seeking a Motion to Strike pursuant to California's Anti-SLAPP law, Plaintiffs should be granted the opportunity to conduct discovery before such a motion can be decided to have the opportunity to find facts which may be essential to their case, let alone their opposition to the motion to strike.

**II.     COURTS IN THE 8TH CIRCUIT HAVE SIMILARLY RULED THAT FRCP 56'S GUARANTY OF ADEQUATE DISCOVERY SUPERSEDED LOCAL ANTI-SLAPP LAWS THAT WERE IN CONFLICT WITH THE FEDERAL RULE.**

In motions for Summary Judgment applying rule 56 the Supreme Court of the United States and the 8th Circuit have consistently recognized that the non-moving party must be granted the opportunity to conduct discovery. See: *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289, 294 (8th Cir. 1975);

4

Although, the 8th Circuit has yet to rule on the issue of whether or not California Anti-SLAPP provisions violate rule 56 and must be stayed for discovery, District Courts in the 8th circuit have found very similarly when applying local Anti-SLAPP laws. In *Unity Healthcare Inc.*, the District Court also found that similar provisions which precluded discovery wrongly contravened Rule 56. *Unity Healthcare, Inc. v. County of Hennepin*, 308 F.R.D. 537, 541 (D. Minn. 2015). The court stated, "The restrictive standard for discovery under the anti-SLAPP law is oil to the water of Rule 56's more permissive standard. Rule 56 makes discovery the norm and ensures that adequate discovery will occur before summary judgment is considered. *Unity Healthcare, Inc. v. County of Hennepin*, 308 F.R.D. 537, 541 (D. Minn. 2015). (Internal quotations omitted). When applying similar law, courts in this Circuit have clearly decided that the non-moving party **must** be granted an opportunity for discovery before a decision may be rendered.

### III. PLAINTIFFS' MUST BE GRANTED THE OPPORTUNITY TO CONDUCT DISCOVERY TO SUPPORT THE ELEMENT OF "MALICE" IN PUBLISHING DEFAMATORY CONTENT BECAUSE DEFENDANTS HAVE RAISED THE DEFENSE THAT PLAINTIFFS ARE "PUBLIC FIGURES."

As Plaintiffs have established in sections I and II of this Memorandum, a Motion to Strike or Dismiss pursuant to California's anti-SLAPP statute is analogous to a Motion for Summary Judgment because, unlike a 12(b)6 Motion to Dismiss, a Motion to Strike or Dismiss pursuant to the anti-SLAPP law is a determination on the merits of a claim. Because of this, Federal 8th and 9th Circuit Courts have held that the Motion's moratorium on discovery "directly collides" with FRCP 56, which requires that the parties be granted the opportunity to conduct discovery prior to a Motion for Summary Judgment. *See Metabolife* at 846. FRCP 56(d), entitled, "When Facts are Unavailable to the Nonmovant," states, in pertinent part, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts

essential to justify its position, the court may: (2) allow time to obtain affidavits or declarations or **to take discovery**." Plaintiffs hereby incorporate by reference, as if fully stated herein, Plaintiffs' Declarations Regarding the Necessity of Discovery as *Exhibit A*.

Defendants are asserting that Mr. Johnson is a public figure and if this is found to be true, Plaintiffs must be granted the opportunity to discover information which would demonstrate Gawker and the defamatory content authors created the content with **actual malice**.

Plaintiffs are forced to demonstrate the level of knowledge (of falsity of the defamatory content) of the writers and staff at Gawker in order to survive Defendants' Motion to Strike or Dismiss pursuant to the California anti-SLAPP law. To do this, plaintiffs must be granted the opportunity to discover, for one example, communications which would show that the writers and staff working at Gawker acted to defame plaintiffs. Plaintiffs must be granted the opportunity to conduct discovery for the following reasons: to fully understand the level of knowledge and intent of Nick Denton, J.K. Trotter and Greg Howard, among others, in publishing the defamatory content, to learn more about Gawker's encouragement of publishing defamatory content, to learn the true sources behind the defamatory content, and to discovery internal communications relating to Charles Johnson and Got News.com, among numerous other pieces of discoverable information and knowledge of falsity which could establish Plaintiff's claims.

Given that Plaintiffs are forced to show details relating to the content publishers intent, plaintiffs must be given the opportunity to discover such information which may prove they acted with actual malice when publishing the defamatory articles.

## CONCLUSION

Because the Defendants are seeking to strike under California Anti-SLAPP law, Plaintiffs should be granted the opportunity to conduct discovery as Cal. Civ. Proc. Code §425.16 is impermissibly and irremediably in **direct collision** with Rule 56 of the Federal Rules of Civil Procedure. Therefore, Defendant's Motion to Strike should be stayed until Plaintiffs have had ample time to conduct such discovery.

WHEREFORE, Plaintiffs move the Court to approve the above-proposed Motion to Stay its determination regarding Defendants' Motion to Strike or Dismiss Pursuant to California's Anti-SLAPP Law pending discovery, and granting Plaintiffs the opportunity to conduct discovery.

**Respectfully submitted,**

**THE BURNS LAW FIRM, LLC**

  /s/ John C. Burns
John C. Burns #66462MO
1717 Park Avenue
St. Louis, MO 63104
Phone: (314) 339-8388
Fax:    (314) 932-2171
john@burns-law-firm.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served, via the Court's electronic notification system, on December 18, 2015, upon all parties of record.

  /s/ John C. Burns

7