IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(Eastern Division)

| | |
|---|---|
| CHARLES JOHNSON and GOT NEWS, LLC | : : : |
| Plaintiffs, | : : Case No. 14:15-cv-001137 |
| v. | : : |
| GAWKER MEDIA, LLC, J.K. TROTTER, and GREG HOWARD | : : : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION SEEKING LEAVE FROM THE COURT TO CONDUCT DISCOVERY**

**INTRODUCTION**

Plaintiffs have filed a motion to stay the decision on Defendant's Motion to Strike pursuant to California's Anti-SLAPP law. Accordingly, Plaintiffs request that they be given the opportunity to conduct discovery, to discover information which may be material to their case. Rule 56 of the Federal Rules of Civil Procedure requires this before any decision can be made on the Motion to Strike pursuant to California Anti-SLAPP. Plaintiffs request that a discovery conference be scheduled pursuant to Rule 26 (f) of the Federal Rules of Civil Procedure, so that they may move forward with discovery.

**ARGUMENT**

**I.     RULE 56 OF THE FEDERAL RULE OF CIVIL PROCEDURE SUPERSEDES THE CALIFORNIA ANTI-SLAPP LAW AND REQUIRES THAT PLAINTIFFS BE ALLOWED TO CONDUCT DISCOVERY PRIOR TO THE COURT'S RULING ON DEFENDANTS' MOTION TO STRIKE.**

Defendants have argued that California law should apply in this case and that Plaintiffs' complaint should be stricken pursuant to California Civil Procedure Code §425.16 also known as Anti-SLAPP provisions. The California Anti-SLAPP law allows a defendant to file a Motion to

Strike the plaintiff's complaint. Subsection 425.16(g) of the Anti-SLAPP law provides that the filing of an anti-SLAPP motion automatically stays all further discovery until the court rules on the motion. In this way, Motion to Strike acts fundamentally as a Motion for Summary Judgment, with the critical difference being that a Motion to Strike under the California Anti-SLAPP law must be ruled on prior to discovery. Thus, even if a plaintiff has satisfied pleading requirements sufficiently to survive a Motion to Dismiss under FRCP 12(b)6, a plaintiff could still have their case dismissed prior to discovery, in direct violation of FRCP 56. Defendants mean to deprive Plaintiffs their opportunity for discovery and use their Motion to Strike under the California Anti-SLAPP as a means to deny Plaintiffs the opportunity discover critical facts to support their case.

According to binding case law, Defendants cannot be allowed to do this. Federal Courts in California have found that provisions in California Anti-SLAPP law are in "**direct collision**" with Rule 56 of the Federal Rules of Civil Procedure. *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (emphasis added).

In *Metabolife,* a local news station ran a story which contained allegedly false and defamatory statements about the herbal supplement, *Metabolife*. *Id. Metabolife* sued for defamation in United States District Court for the Southern District of California. *Id. Wornick* filed a Motion to Strike pursuant to the California Anti-SLAPP law. *Id*. On appeal, the 9th Circuit Court of Appeals decided that under the circumstances, the plaintiff **must** be granted an opportunity to conduct discovery and present such information which is essential to their case before a California Anti-SLAPP motion can be decided. *Id* (emphasis added). In reference to the California Anti-SLAPP provisions, the Court in *Metabolife* stated, "if this expedited procedure

were used in federal court to test the plaintiff's evidence before the plaintiff has completed discovery, it would collide with Federal Rule of Civil Procedure 56." *Id.*

Defendants motions are in "**direct collision**" with Rule 56 of the Federal Rules of Civil Procedure and Plaintiff's must be granted ample time to conduct discovery before such a motion may be decided. *Id*. Another case from the California Central District Court stated the issue plainly:

> "For example, California courts have denied discovery under § 425.16 because the defendant failed to specify what additional facts he expects to uncover . . . **Federal courts, however**, have allowed parties with no clear idea of what specific facts they hope to obtain to overcome a summary-judgment motion, at least temporarily. These contradictory outcomes stem directly from the differences between § 425.16 and Rule 56(f): Section 425.16 limits discovery and makes further discovery an exception, rather than the rule. Rule 56 does not limit discovery. On the contrary, it ensures that adequate discovery will occur before summary judgment is considered. Because the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56, **these aspects of subsections (f) and (g) cannot apply in federal court**. *Rogers v. Home Shopping Network, Inc.,* 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999) (internal citations omitted, emphasis added).

In *Metabolife*, the 9th Circuit found that provisions (g) and (f) of California Civil Procedure Code §425.16 are in "**direct collision**" with Rule 56 of Federal Civil Procedure. *Id*. Specifically, the court flatly rejected the Statute's foreclosure of discovery and likened the law to a Rule 56 motion for summary judgment due to reliance on material facts. *Id*. The court recognized that the Statute's prevention of discovery before deciding a dismissal based on factual claims impermissibly contravened with Rule 56, which requires courts to grant Plaintiffs ample time for discovery before dismissing a case on the materiality of facts.

Although, the 8th Circuit has yet to rule on the issue of whether or not California Anti-SLAPP provisions violate rule 56 and must be stayed for discovery, District Courts in the 8th circuit have found very similarly when applying local Anti-SLAPP laws. In *Unity Healthcare*

*Inc.*, the District Court also found that similar provisions which precluded discovery wrongly contravened Rule 56. *Unity Healthcare, Inc. v. County of Hennepin*, 308 F.R.D. 537, 541 (D. Minn. 2015). The court stated, "The restrictive standard for discovery under the anti-SLAPP law is oil to the water of Rule 56's more permissive standard. Rule 56 makes discovery the norm and ensures that adequate discovery will occur before summary judgment is considered. *Unity Healthcare, Inc. v. County of Hennepin*, 308 F.R.D. 537, 541 (D. Minn. 2015). (Internal quotations omitted). When applying similar law, courts in this Circuit have clearly decided that the non-moving party **must** be granted an opportunity for discovery before a decision may be rendered.

II.     **PLAINTIFFS' MUST BE GRANTED THE OPPORTUNITY TO CONDUCT DISCOVERY TO SUPPORT IN COMPLIANCE WITH RULE 56.**

As Plaintiffs have established in section I of this Memorandum, a Motion to Strike or Dismiss pursuant to California's anti-SLAPP statute is analogous to a Motion for Summary Judgment because, unlike a 12(b)6 Motion to Dismiss, a Motion to Strike or Dismiss pursuant to the anti-SLAPP law is a determination on the merits of a claim. Because of this, Federal 8th and 9th Circuit Courts have held that the Motion's moratorium on discovery "directly collides" with FRCP 56, which requires that the parties be granted the opportunity to conduct discovery prior to a Motion for Summary Judgment. *See Metabolife* at 846. FRCP 56(d), entitled, "When Facts are Unavailable to the Nonmovant," states, in pertinent part, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its position, the court may: (2) allow time to obtain affidavits or declarations or **to take discovery**."

Defendants are asserting that Mr. Johnson is a public figure and if this is found to be true, Plaintiffs must be granted the opportunity to discover information which would demonstrate Gawker and the defamatory content authors created the content with **actual malice**.

Plaintiffs are forced to demonstrate the intent of the writers and staff at Gawker. To do this, plaintiffs must be granted the opportunity to discover communications which would show that the writers and staff working at Gawker acted to defame plaintiffs. Plaintiffs must be granted the opportunity to conduct discovery for the following reasons: to fully understand the intent of Nick Denton, J.K. Trotter and Greg Howard in publishing the defamatory content, to learn more about Gawker's encouragement of publishing defamatory content, to learn the true sources behind the defamatory content, and to discovery internal communications relating to Charles Johnson and Got News.com.

Given that Plaintiffs are forced to show details relating to the content publishers intent, plaintiffs must be given the opportunity to discover such information which may prove they acted with actual malice when publishing the defamatory articles. Plaintiffs humbly request the court to allow for them to conduct discovery after a scheduling conference pursuant to Rule 26 (f).

## CONCLUSION

In conclusion, rule 56 requires that Plaintiffs be granted the opportunity to conduct discovery before a decision can be made on Defendants Motion to Strike pursuant to California Anti-SLAPP. Accordingly we pray this court will allow Plaintiffs to schedule discovery pursuant to Rule 26 (f) and proceed with discovery.

WHEREFORE, Plaintiffs move the Court to grant the above-proposed Motion to Conduct Discovery, and for any other relief this Court deems just and proper.

**Respectfully submitted,**

**THE BURNS LAW FIRM, LLC**

 /s/ John C. Burns
John C. Burns #66462MO

1717 Park Avenue  
St. Louis, MO 63104  
Phone: (314) 339-8388  
Fax:     (314) 932-2171  
john@burns-law-firm.com  
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served, via the Court's electronic notification system, on December 21, 2015, upon all parties of record.

    /s/ John C. Burns